THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTOPHER SCOTT PETERSON,

    Plaintiff,

v.

WILLIAM BRYAN PORTER, et al.,

    Defendants.

No. 3:16-cv-01955-PK

**ORDER**

**PAPAK, Magistrate Judge:**

Plaintiff Christopher Peterson brings this action against Defendants William Porter and Dr. Ronald Teed, asserting claims under 42 U.S.C. § 1983 for malicious prosecution and violation of substantive due process rights; intentional interference with business relations; and intentional infliction of severe emotional distress. Third Am. Compl., ECF No. 65. Plaintiff, a general contractor, alleges that while working on a remodeling project for Defendant Teed, Teed

Page -1- ORDER

demanded that Plaintiff rewrite their contract, charging half the amount Teed had agreed to pay Plaintiff. Plaintiff alleges that when he refused to agree to accept half the agreed amount, Teed conspired with Defendant Porter, the Tillamook County District Attorney, to fabricate aggravated theft charges against Plaintiff. After the jury acquitted Plaintiff on all charges, he brought this civil rights action against Teed and Porter. This court has granted Porter's motion to dismiss Plaintiff's claims as to Porter's post-indictment conduct, based on absolute immunity, while denying the motion to dismiss as to Porter's pre-indictment conduct. Opinion and Order, ECF No. 56.

Based on Plaintiff's deposition testimony, Defendants now argue that Plaintiff has voluntarily waived the attorney-client privilege as to two attorneys who defended Plaintiff in the criminal prosecution, Jonathan Sarre and Dawn McIntosh,[1] and an attorney who represented Plaintiff in a separate civil matter, John Tuthill. In addition, Porter's attorney, Craig Johnson, has obtained documents Plaintiff had submitted to the Oregon State Bar (OSB) regarding Plaintiff's professional misconduct complaint to OSB against Porter.

The parties now informally request this court to resolve their disputes over the allegedly privileged documents. I construe Defendants' requests as a motion to compel. For the following reasons, I grant the motion in part as to Sarre and McIntosh, and deny it as to Tuthill.

## DISCUSSION

I agree with the parties that Plaintiff has waived his attorney-client privilege as to the 80-plus pages of documents he submitted to the OSB, which include documents related to Sarre's

---

[1] Sarre represented Plaintiff for about a year starting in September 2011. McIntosh then represented Plaintiff before withdrawing for personal reasons in early 2014. Another attorney represented Plaintiff at the criminal trial, which concluded in November 2014 with Plaintiff's acquittal.

Page -2- ORDER

and McIntosh's criminal defense of Plaintiff. Because Plaintiff waived his attorney-client privilege as to these documents, I grant Defendants' request for documents related to Plaintiff's alleged original invoices and receipts for the Teed remodeling project, and to Sarre's alleged loss of those original records. I also grant Defendants' request for documents related to McIntosh's decision to retain a forensic accountant to assist in Plaintiff's criminal defense, and for spreadsheets allegedly prepared by Plaintiff to aid McIntosh.

Defendants also seek discovery related to Plaintiff's representation by attorney Tuthill. Plaintiff apparently sought advice from Tuthill regarding alleged embezzlement of more than $100,000 by Plaintiff's former business partner. Plaintiff testified at his deposition about Tuthill. I did not find documents related to Tuthill in the OSB documents.

Counsel for Teed contends that evidence concerning Tuthill is relevant because of Tuthill's alleged decision not to represent Plaintiff in the dispute with Teed. Counsel for Porter contends that evidence concerning Tuthill is relevant because Plaintiff alleges that Teed pressured Tuthill not to represent Plaintiff in Teed's dispute with Plaintiff, and that Tuthill chose not to pursue criminal charges against Plaintiff's former partner.

Plaintiff responds that Tuthill's representation of him is not relevant to this litigation, and that he will not be presenting evidence on Tuthill's alleged decision not to represent him in an action against Teed. I agree with Plaintiff that documents regarding Tuthill are not relevant to the issues in this action. I also find that evidence about Tuthill's dealings with Plaintiff would tend to confuse the jury. I deny the motion to compel as to documents related to Tuthill.

## CONCLUSION

Defendants may proceed with discovery as to the specific subjects concerning Sarre and

and McIntosh, as stated in this order.

    IT IS SO ORDERED.

    Dated this 19th day of June, 2018.

_____
Honorable Paul Papak
United States Magistrate Judge