IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTOPHER SCOTT PETERSON**, Plaintiff, v. **WILLIAM BRYAN PORTER, and RONALD LEWIS TEED**, Defendants. | Case No. 3:16-cv-01955-JR **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie Russo issued Findings and Recommendation in this case on November 1, 2018. ECF 143. Magistrate Judge Russo recommended that Defendant Porter's and Defendant Teed's Motions for Summary Judgment (ECF 109, 111) should be granted and Plaintiff's Motion for Partial Summary Judgment (ECF 115) and Motion for Sanctions (ECF 118) should be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection (ECF 147), to which both Defendants Teed and Porter responded. ECF 148, 149. Plaintiff object(s) to the portion of Magistrate Judge Russo's recommendation finding that (1) no reasonable juror could conclude that Teed insisted upon or urged further prosecution of Plaintiff; (2) no reasonable juror could concluded that Teed had a subjective belief that Plaintiff had committed a crime; and (3) Porter is entitled to immunity.

The court has reviewed *de novo* Judge Russo's Findings and Recommendation, as well as Plaintiff's objections and Defendants' responses, and the underlying briefing in this case. The Court has also reviewed the extensive factual record, including documents relating to the

previous arbitration before the Construction Contractor's Board, Mr. Teed's correspondence with Mr. Porter, and the criminal proceedings against Plaintiff.

The Court agrees with the analysis in Judge Russo's thorough and well-reasoned opinion. Viewing the facts in the light most favorable to Plaintiff does not lead to the conclusion that Teed insisted or urged further prosecution of Plaintiff after his initial meeting with Porter. Furthermore, even viewing all of the evidence in the light most favorable to Plaintiff, the Court finds that no reasonable juror could conclude that Teed and Porter did not have probable cause to believe that Plaintiff had committed a crime.

The Court adopts the Findings and Recommendation (ECF 143). Defendants' Motions for Summary Judgment (ECF 109, 111) are GRANTED. Plaintiff's Motion for Partial Summary Judgment (ECF 115) and Motion for Imposition of Sanctions (ECF 118) are DENIED.

**IT IS SO ORDERED.**

DATED this 18th day of January, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge